[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Quinley, intermarried at Norwich, Connecticut on May 26, 1996, that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that neither the State of Connecticut nor any municipality has contributed to the support and maintenance of either party, and that the marriage has broken down irretrievably with no hope of reconciliation.
The parties have different opinions as to the cause of the marriage breakdown. Plaintiff claims that defendant falsified that she had been assaulted although she really believed it happened. Defendant testified that the marriage broke down the CT Page 6791 spring of 1998 when plaintiff discovered that the $29,472.17 defendant received in settlement of her personal injury was gone, their lack of money and his infidelity.
Based on the above, it is clear that the marriage has irretrievably broken down without any hope for reconciliation. I find that the plaintiff contributed more to the breakdown of the marriage than did the defendant.
The plaintiff, who was born on December 12, 1947, appears to be in good health. He served as a police officer in Waterford, Connecticut for 13 years and in Montville for nine years where he is presently employed. According to his financial affidavit he has a gross weekly income of $1,113.00 and a net weekly income of $688.00 after deducting taxes withheld of $297.00, union dues $11.00 and insurance of $22.00. Plaintiff's future employment seems secure.
The defendant, who was born on September 20, 1958, appears to also be in good health. She is employed by the State of Connecticut Department of Child and Family Services as an assistant to the supervisor. According to a financial affidavit marked Exhibit 7, she has a gross weekly income of $621.20 and a net weekly income of $473.07 after deducting withholding, federal, state and FICA taxes and medical premiums. Defendant's future employment seems secure.
The marital residence known as 156 Nobel Hill Road, Oakdale, Connecticut was purchased by the plaintiff in 1993 prior to his marriage to the defendant. According to plaintiffs financial affidavit, the marital home has a value of $135,000.00 and is subject to a mortgage of $129,000.00. Plaintiff has maintained and paid all expenses of ownership. The defendant makes no claim to any interest in the property.
During the marriage the parties acquired a timeshare in New Hampshire. Although the parties paid $6,400.00 for the timeshare, defendant made the down payment of approximately $640.00. Plaintiff has paid all expenses connected thereto. The parties could not agree on its value and offered no evidence to establish it. The timeshare is subject to a mortgage of undisclosed amount except that the monthly payment is $114.00 with 20 payments left and an annual maintenance fee of $200.00. Defendant is agreeable to transferring all of her interest in said timeshare to the plaintiff. The plaintiff shall hold the defendant harmless from CT Page 6792 any claims arising from ownership of said timeshare.
During the marriage defendant was injured in an accident. IN June or July 1997 she received $29,472.17 net for the injuries sustained in an automobile accident in 1994. By the spring of 1998 the money was all gone. It was then that defendant claimed the breakdown of the marriage began.
Defendant testified that some of said monies were used as follows:
1. $782.00 for a mattress for plaintiff
2. $3,000.00 towards tax liabilities of the parties.
3. $3,920.00 down payment on a 1997 Cherokee. Title to said vehicle was in the plaintiff, who made payments on the loan on the Cherokee.
4. In 1997 she traded her Camaro, worth $5,500.00, in for a 1997 Wrangler.
5. To purchase a 1988 Ford Bronco in 1998.
6. To purchase a 1996 Dodge Pickup for the defendant in 1998.
7. To construct a 240 square foot kennel on plaintiff's property.
Presently, the defendant owns the 1988 Bronco, and the plaintiff owns the 1996 Dodge Pickup.
After considering all the factors in Connecticut General Statutes §§ 46b-62, 81, 82 and the right of the parties to agree on issues raised in a dissolution procedure, (see proposed orders on file) and the evidence and my findings, judgment is entered dissolving the marriage of the parties on the ground of irretrievable breakdown.
It is further ordered that:
1. no alimony is awarded to either party.
2. That the plaintiff shall keep as his own the marital residence at 156 Noble Hill Road, Oakdale, CT. CT Page 6793
3. That the defendant shall transfer to the plaintiff all of her interest in the New Hampshire timeshare. The plaintiff shall hold the defendant harmless in any claims arising out of his ownership.
4. That each party shall keep their own bank accounts without any claim from the other.
5. That the plaintiff shall own the 1996 Dodge and the defendant shall own the 1988 Bronco. Each shall pay the loan on their respective vehicles and hold the other harmless.
6. The parties shall keep their own personal property. If any disagreement arises over their issue, this Court retains jurisdiction to decide the issue.
7. Each party shall keep their own pension plans free of any claims from the other.
8. Each shall pay their own debt, as listed in their respective financial affidavits.
9. The plaintiff shall pay to the defendant by way of a property settlement the sum of $12,500.00 within 60 days of this judgment.
10. Plaintiff shall pay to defendant by way of attorney's fees the sum of $1,500.00.
Vasington, JTR